**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| RONALD D. THIERET | : |
|    Plaintiff | : |
| v. | :   Civil Action No. CCB-06-882 |
| RICHARD SANDY | : |
|    Defendant | : |

o0o

**MEMORANDUM**

The above-captioned case, filed April 5, 2006 together with the full filing fee, alleges a violation of plaintiff's civil rights. Paper No. 1. Plaintiff and defendant are residents of Maryland. *Id*. For the reasons that follow, the complaint must be dismissed because this court does not have jurisdiction over the claims raised. *See* Fed. R. Civ. Proc. 12(h)(3).

Defendant is an attorney who is representing plaintiff's estranged spouse in a divorce proceeding which involves a child custody dispute. *Id*. Plaintiff asserts that defendant has violated his civil rights by maliciously obtaining a temporary order for garnishment of plaintiff's wages, causing him to lose his job and interfering with his right to a relationship with his two minor children.[1] He further claims that he cannot obtain a fair hearing in the state court where his divorce is pending because defendant is "connected" to every judge on the bench. The only asserted basis for jurisdiction in this court is a federal claim for violation of plaintiff's constitutional rights.

In order to successfully assert a claim of constitutional rights violation, the defendant

---

[1] Plaintiff also claims he has been slandered and harassed by defendant. To the extent that Plaintiff is seeking to pursue a state cause of action for the tort of defamation and invasion of privacy, he may not file his claim in federal court. In order to do so, there must be diversity of citizenship among the parties. See 28 U.S.C. § 1332. Diversity of citizenship does not exist in this case.

must be a state actor.  Specifically, the persons charged with the civil rights violation must be a state official; someone who has acted with a state official; someone who has obtained significant aid from a state official; or someone whose conduct is somehow attributable to the state. Defendant in the instant case is not a state official nor does the conduct described by plaintiff have the imprimatur of official conduct.

In limited circumstances, private conduct can be the subject of a §1983 suit.  "[W]e have recognized four exclusive circumstances under which a private party can be deemed to be a state actor:  (1) when the state has coerced the private actor to commit an act that would be unconstitutional if done by the state; (2) when the state has sought to evade a clear constitutional duty through delegation to a private actor; (3) when the state has delegated a traditionally and exclusively public function to a private actor; or (4) when the state has committed an unconstitutional act in the course of enforcing a right of a private citizen." *DeBauche v. Trani*, 191 F. 3d 499, 507 (4th Cir. 1999) *cert. denied* 529 U.S. 1033 (2000).  None of the acts or conduct alleged by plaintiff in his complaint fall within these four categories of conduct. "If the conduct does not fall into one of these four categories, then the private conduct is not an action of the state." *Andrews v. Federal Home Loan Bank of Atlanta*, 998 F.2d 214, 217 (4th Cir.1993). Accordingly, plaintiff's attempt to invoke the federal question jurisdiction of this court pursuant to 28 U.S.C. § 1331 must fail because there is no federal cause of action stated by the complaint. Defendant is not a state actor,  he is not acting on behalf of a government entity,  and  there is no federal statute which bestows a private cause of action on plaintiff for the conduct alleged.  To the extent that the garnishment order was issued by a state court, via defendant's alleged misconduct, plaintiff must seek relief in the context of the pending state proceeding.

A separate order, dismissing the complaint, follows.

 April 17, 2006                                                         /s/
      Date                                        Catherine C. Blake
                                                 United States District Judge